1

2

3

4

5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FEDERAL NATIONAL MORTGAGE
     ASSOCIATION, ITS ASSIGNEES
11   AND/OR SUCCESSORS,

12              Plaintiff,                    No. CIV S-11-2385 JAM EFB PS

13        vs.

14   JOSE DEJESUS GONZALEZ, and
     DOES 1-10, inclusive,
15
                Defendant(s).                 FINDINGS AND RECOMMENDATIONS
16   _____/

17        On September 9, 2011, defendant, proceeding pro se, filed a notice of removal of this

18   unlawful detainer action from the Superior Court of the State of California for San Joaquin

19   County, along with a request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1]  Dckt.

20   Nos. 1, 2.   This case is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and

21   Eastern District of California Local Rule 302(c)(21).

22         This court has an independent duty to ascertain its jurisdiction and may remand sua

23   sponte for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).  "The burden of

24   establishing federal jurisdiction is on the party seeking removal, and the removal statute is

25   _____

26        [1] In light of the recommendation herein that this action be remanded for lack of subject
     matter jurisdiction, defendant's request to proceed *in forma pauperis* will not be addressed.

                                              1

1   strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190,

2   1195 (9th Cir. 1988).  "Federal jurisdiction must be rejected if there is any doubt as to the right

3   of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  As

4   explained below, defendant has failed to meet their burden.

5        Defendant's notice of removal is predicated upon the court's federal question

6   jurisdiction.  Dckt. No. 1 at 2 (citing 28 U.S.C. §§ 1441(b), 1446(a)).  Defendant contends that

7   plaintiff alleges claims under the Federal Fair Debt Collections Act (FDCPA), the Real Estate

8   Settlement Procedures Act (RESPA), the Truth in Lending Act (TILA), Generally Accepted

9   Accounting Principles (GAAP), and the Universal Commercial Code (UCC).  *Id.*  However, a

10  review of the complaint reveals that plaintiff does not allege any federal claims; instead, plaintiff

11  alleges only unlawful detainer under state law.  *Id.* at 5-8 (Compl.).  Therefore, because

12  defendant has not adequately established that plaintiff's complaint alleges a federal claim,[2] the

13  court lacks subject matter jurisdiction and must remand the case.[3]  *See* 28 U.S.C. § 1447(c).

14       Accordingly, IT IS RECOMMENDED that the above-captioned case be REMANDED to

15  the Superior Court of the State of California in and for the County of San Joaquin.

16       These findings and recommendations are submitted to the United States District Judge

17  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

18  after being served with these findings and recommendations, any party may file written

19  objections with the court and serve a copy on all parties.  Such a document should be captioned

20  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

21  ───────────

22       [2] Nor has defendant established that this court has diversity jurisdiction.

23       [3] It is also unclear whether the notice of removal was timely.  Section 1446(b) requires a
    notice of removal to be "filed within thirty days after the receipt by the defendant, through
    service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which
24  such action or proceeding is based, or within thirty days after the service of summons upon the
    defendant if such initial pleading has then been filed in court and is not required to be served on
25  the defendant, whichever period is shorter."  28 U.S.C. § 1446(b).  Here, defendant notes that the
    complaint was filed in state court "[o]n or about June 13, 2011," but does not indicate when he
26  was served with or otherwise received a copy of the complaint.  Dckt. No. 1 at 2.

2

1  shall be served and filed within fourteen days after service of the objections.  Failure to file

2  objections within the specified time may waive the right to appeal the District Court's order.

3  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th

4  Cir. 1991).

5        SO ORDERED.

6  Dated:  September 13, 2011.

          EDMUND F. BRENNAN
7            UNITED STATES MAGISTRATE JUDGE

3